IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JANIS SHUMWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01058-STA-jay |
| | ) | |
| SHREE SHATRIJI, LLC d/b/a | ) | |
| AMERICANA INN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO
DISMISS AS MOOT

Before the Court is Plaintiff Janis Shumway's Motion for Leave to Amend Complaint (ECF No. 9) filed on June 15, 2021. Defendant Americana Inn has responded in opposition, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

This matter comes before the Court on Plaintiff's claim against Defendant under the Americans with Disabilities Act, 42 U.S.C. § 12181 (ADA). Plaintiff is a resident of Tennessee who qualifies as an individual with disabilities as defined by the ADA. She is a self-described advocate for the rights of disabled persons and a "tester" for purposes of ensuring that places of public accommodation and their websites are in compliance with the ADA. Defendant owns a "place of public accommodation" under the ADA, Americana Inn, a hotel located in Henderson, Tennessee. Plaintiff alleges that Defendant is failing to comply with Department of Justice regulations promulgated pursuant to the ADA devoted to ensuring the ability of prospective

1

patrons to reserve accessible guest rooms and to review accessibility features of places of public accommodation through third party websites. The regulation states in relevant part:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e)(1).

Here, Plaintiff alleges that she visited third party websites to review and assess the accessible features of Defendant's property and to evaluate whether they met her accessibility needs. However, Plaintiff was apparently unable to do so because Defendant did not make information about accessibility available through third party booking websites like Expedia.com, Orbitz.com, and Cheaptickets.com as required by the above-referenced regulation. The opening pleading also alleges the websites did not allow for booking accessible rooms.

In amending her Complaint, Plaintiff seeks to address Defendant's argument that her originally filed Complaint should be dismissed for lack of standing for failure to demonstrate that Plaintiff suffered an injury-in-fact. Def's Mot. Diss. at 3. Specifically, Defendant argues that Plaintiff cannot claim a real and immediate threat of future injury because she does not allege in

her Complaint that she has ever travelled to Henderson, Tennessee or that she has any plans to do so in the future, requiring her to have hotel accommodations in the area. *Id*. To cure this alleged deficiency, Plaintiff requests to amend her Complaint to include the assertion that she reviewed the referenced booking websites for the purpose of ascertaining whether she could stay at the Americana Inn during a trip to the area of Henderson, Tennessee that she plans to take in the summer of 2022

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the opposing party's consent or by leave of court. Rule 15(a)(2) adds that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should, as the rules require, be "freely given."

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Herhold v. Green Tree Savings, LLC*, 608 F. App'x 328, 330-31 (6th Cir. 2015) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). The Sixth Circuit has remarked that "the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citations omitted).

## ANALYSIS

Under Rule 15(a)'s liberal standard for amending the pleadings, the Court finds good cause to grant Plaintiff's motion to amend. The Court has no evidence to attribute an improper reason to

Plaintiff's motive such as undue delay, bad faith, or other dilatory motive. This is the Plaintiff's first motion to amend her Complaint and was filed within two months of the original Complaint. Further, the Court finds that the Defendant will not be unduly prejudiced by the amendment because of the early stage this case is at: Defendant has yet to file an Answer, discovery has not been commenced, and a scheduling order has not been entered in this case. Further, the proposed amendment is not futile because it would survive a hypothetical motion to dismiss. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (citations omitted). Plaintiff filed her Motion to Amend while the case was still at the pleadings stage and in response to a Rule 12(b)(6) motion to dismiss. Plaintiff would have had the opportunity to amend her Complaint as a matter of course, that is, without leave of court or the consent of Defendant, had she only filed an amended pleading within 21 days after service of the Defendant's motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleadings once as a matter of course . . . within 21 days after service of a motion under 12(b) . . . ."). Plaintiff missed the deadline to do so by a mere three days. The early posture of the case together with Rule 15's generous policy of allowing amendments weigh strongly favor of granting Plaintiff an opportunity to amend.

  Defendant filed a Motion to Dismiss on May 21, 2021 (ECF No. 8). Defendant argues in its Motion that Plaintiff lacks standing to sue because she does not show a plausible intent to visit the Americana Inn and therefore has not suffered an "injury in fact." Defendant suggests that Plaintiff's allegation is perhaps raised in bad faith. The Court has no evidence or other indication that Plaintiff has acted in bad faith, and it is not clear to the Court how it could even reach the issue without additional fact-finding, a process that is inconsistent with the *Twombly-Iqbal* standard, focused as it

4

is on only the pleadings. As Justice Souter writing for the majority in *Twombly* observed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court's assessment at the pleadings stage is simply whether such a fact would give Plaintiff standing to bring her claims, not whether her plan to travel a year hence is likely. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374 (1982) ("That the tester may have approached the real estate agent fully expecting that he would receive false information, *and without any intention of buying or renting a home*, does not negate the simple fact of injury within the meaning of [the Fair Housing Act]."). The Court has no evidence then to attribute an improper motive to Plaintiff's request such as bad faith or other dilatory conduct.

### A. Plaintiff's Motion States Grounds for Leave to Amend with Particularity

Defendant first argues that the Plaintiff's Motion fails to state the grounds for leave to amend the complaint with particularity. Defendant notes that Rule 15(a) is governed by Rule 7(b), which states that a motion "shall state with particularity the grounds for seeking the order." *Evans v. Pearson Enter., Inc.* 434 F.3d 839, 853. (6th Cir. 2006). In *Evans*, the Sixth Circuit held that a party making a request to amend "in a single sentence [in a brief responding to a motion to dismiss] without providing grounds or a proposed amended complaint to support her request" fails to state the grounds for the request with particularity. *Id.* at 853. Plaintiff's proposed Amended Complaint includes the allegation that Plaintiff plans to visit Henderson in the summer of 2022 and to accomplish this, she desires to return to the third-party websites to decide whether to stay at the Americana Inn. Because Plaintiff's basis to amend, according to Defendant, consists of a "single, general sentence in opposition to Defendant's Motion to Dismiss," Defendant's leave to amend is an impermissible "bare request" and should be denied. *Id*. In this case, however, Plaintiff has filed a separate motion stating

that the grounds for her request is the need to address Defendant's alleged standing deficiency indicated in its motion to dismiss. Pl. Mot. Amend at 1. Her proposed amended complaint includes allegation that Plaintiff plans to visit Henderson in the summer of 2022 and therefore intends to return to the websites in the future to determine whether to stay at the Americana Inn. Plaintiff's justification is not a general one. Stating grounds for relief concisely does not mean that they are not stated with particularity. The Court finds that Plaintiff has stated with particularity the grounds for seeking an order to amend.

### B. Plaintiff's Amended Complaint is Not Futile

Defendant next argues that Plaintiff's Motion to Amend should be denied based upon the futility of the proposed amendment. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (citations omitted). A complaint will survive a motion to dismiss where the facts alleged, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

Defendant argues that Plaintiff lacks standing to sue. In order to survive a motion to dismiss for lack of standing the plaintiff must demonstrate that (1) they "suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'"; (2) the injury is "'fairly traceable to the challenged action of the defendant'"; and (3) it is likely "'that the injury will be redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560.

Here, the Plaintiff's allegations, taken as true, illustrate an injury in fact. At the pleadings stage, a plaintiff's plausible allegation of harm must be taken as true. *Id.* at 580 (citations omitted).

Plaintiff states that her injury occurred when she was deprived of her rights to equal enjoyment of the services of the Americana Inn guaranteed by 42 U.S.C.A. § 12182. *See Havens Realty*, 455 U.S. at 373–74 ("[A]ctual or threatened injury required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . .") (citations omitted). The Supreme Court has further written, "[a] plaintiff suffers an injury in fact when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998). Here, Plaintiff suffered an injury when she visited booking websites where Defendant failed to disclose information required by ADA regulations. The injury is fairly traceable to the Defendant's alleged inaction of failing to update their listings on various third-party websites and the injury would be redressed by Plaintiff's requested relief. Thus, the Court holds that based on the allegations of the Complaint and the proposed amended complaint, Plaintiff has standing to sue for the alleged violations on the third-party booking websites.

Defendant also argues that Plaintiff lacks standing to press her claims for prospective injunctive relief. To establish standing to seek prospective injunctive relief, Plaintiff must allege an immediate threat of future injury. *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756–57 (6th Cir. 2019) (citing *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576 (6th Cir. 2014)). To show an immediate threat of future injury, Plaintiff must allege (1) a plausible intent to return to a non-compliant accommodation or (2) that she would return but is deterred because of the alleged accessibility barriers. *Id*. at 757. Defendant argues in its Motion to Dismiss that Plaintiff has no plausible reason to visit the Americana Inn, and by extension the websites publishing information about the hotel, in the future. Plaintiff's proposed amended complaint alleges, however, that Plaintiff is planning a trip to Henderson, Tennessee in 2022 and will need to visit the booking websites again to finalize her plans.

The Sixth Circuit has stated that an intent to revisit an accommodation in the future does not have to be credible, just plausible. *Id.* at 758. Shumway's allegation that she is planning a trip to Henderson in 2022, which the Court must accept as true at the pleadings stage, plausibly supports her claim that she intends to return to the websites in the future. *See Twombly,* 550 U.S. at 556 (holding that a complaint will survive a motion to dismiss where the facts alleged, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face"); *Mosely*, 942 F.3d at 758 (reversing the district court's holding that an ADA plaintiff lacked standing where the trial court "held [the plaintiff] to a higher burden of proof than is required at the pleadings stage by demanding a 'credible,' rather than a 'plausible,' plan to return to the stores"). This outcome is also consistent with a line of other cases of this kind where district courts have ruled that the future injury issue is not whether the Plaintiff plausibly may visit the property but whether the Plaintiff will plausibly revisit a booking or reservations website. *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. Lexis 209202 (S.D.N.Y. 2019); *Parks v. Richard*, 2020 U.S. Dist. Lexis 86790, *5-8 (M.D. Fla. 2020); *Kennedy v. Gold Sun Hospitality*, LLC, 8:18-cv842-T-33CPT, DE 23, at pp. 30-31, (M.D. Fla. June 18, 2018).[1] The Court holds that the

---

[1] Defendant further argues that other district courts have dismissed cases brought by ADA testers for lack of standing. As one of those courts observed, "[t]his is, ultimately, an unsettled area of standing jurisprudence, with myriad decisions cutting both ways across the country." *Laufer v. BRE/ESA Portfolio, LLC*, 2020 WL 6801924, *4 (D. Md., Nov. 19, 2020). The cases cited by Defendant illustrate this split of authority. While the cases reaching the opposite result are informative, the Court finds the decisions cited by Defendant unpersuasive and largely distinguishable. *Strojnik v. R.F. Weichert V, Inc.*, 2021 WL 242912 (N.D. Calif. Jan. 25, 2021) (granting a motion to dismiss for lack of standing but also granting the plaintiff leave to amend); *Laufer v. Laxmi & Sons, LLC*, 2020 WL 2200207 (N.D.N.Y. May 6, 2020) (questioning the tester-plaintiff's standing because she had never traveled to the city where the hotel was located but ultimately ordering the plaintiff to show cause as to why the case should not be dismissed); *Laufer v. 1110 Western Albany, LLC*, 2020 WL 2309083 (N.D.N.Y. May 7, 2020) (same). None of the decisions cited by Defendant denied an ADA tester-plaintiff the opportunity to amend her pleadings to cure a standing defect.

proposed amended complaint alleges a plausible intent to return to the non-compliant websites and therefore supports Plaintiff's standing to seek prospective injunctive relief.

      In its motion to dismiss, Defendant further suggests that Plaintiff's complaint should be discredited because of Plaintiff 's status as an ADA "tester" who files numerous lawsuits.  However, as Plaintiff points out, the Supreme Court has confirmed the Article III standing of statute "testers." *Havens* at 373-74. Otherwise, every tester who files suit would be subject to a generalized claim that the tester never actually intended to rent housing or view a website to book hotel accommodations. Defendant further argues that Plaintiff's status as a tester who visits third party websites to merely look at the Americana Inn without any intention of staying does not allege an injury in fact (citing *Mitchell v. Buckeye State Credit Union*, No., 2019 WL 1040962, (N.D. Ohio Mar. 5, 2019); *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 491 (6th Cir. 2019)).  Plaintiff's case is distinguishable from those cited by Defendant because, as discussed above, Plaintiff has expressed an intent to do more than merely "look" at the third-party websites.  She intends to navigate the websites for purposes of finding ADA compliant accommodations for a forthcoming trip to Henderson, Tennessee.  Plaintiff's allegation that she is planning a trip to Henderson, taken as true, illustrates a plausible intent to return to the websites to ascertain whether she can stay at the American Inn, in which she is eligible to stay. The fact that Plaintiff has filed other cases in this and other courts alleging a similar desire to travel to different places is irrelevant because such plans are not implausible or incompatible with Plaintiff seeking to travel to Henderson.  Further, unlike the plaintiff in the *Scherr* case cited by Defendant, Plaintiff has not brought a claim, in this single complaint, against multiple hotels or inns.  *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (concluding that the ADA tester had standing to sue for ADA violations at a specific hotel, just not standing to sue for ADA violations at

9

all of the Marriott hotels with similar design features.)  This case is wholly focused on the Americana Inn and Plaintiff's' plausible allegation that she intends to travel to Henderson next year.

## CONCLUSION

Therefore, for the above reasons and in accordance with the established principle that the purpose of pleading is to facilitate a proper decision on the merits, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 9) is **GRANTED**.  Plaintiff shall have three days from the date of this order to file an Amended Complaint.  Plaintiff's Amended Complaint supersedes the original Complaint; consequently, Defendant's Motion to Dismiss the original Complaint (ECF No. 8.) is **DENIED as moot** but without prejudice to file a subsequent evidentiary motion on the issue of standing.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 3, 2021.